**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4591**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHERMARQUETTE BERNARD WHITAKER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:20-cr-00033-D-1)

─────────────

Submitted:  March 30, 2023                                  Decided:  April 19, 2023

─────────────

Before THACKER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  W. Michael Dowling, THE DOWLING FIRM PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Matthew L. Fesak, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shermarquette Bernard Whitaker pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841. The district court entered a forfeiture money judgment in the amount of $525,000 and sentenced Whitaker to 210 months' imprisonment. On appeal, Whitaker challenges the court's forfeiture order and its application of sentencing enhancements. Finding no error, we affirm.

Whitaker first claims that the district court lacked statutory authority to enter a forfeiture money judgment in a criminal case. However, in *United States v. Blackman*, 746 F.3d 137, 145 (4th Cir. 2014), we concluded that forfeiture money judgments in criminal cases are not only permissible, but are required when, as here, the defendant has spent or divested himself of the proceeds of his crime. And, contrary to Whitaker's argument, our decision in *Blackman* is not undermined by the Supreme Court's subsequent decision in *Honeycutt v. United States*, 581 U.S. 443, 447, 452 (2017), which also recognized that 21 U.S.C. § 853 permits forfeiture of money as substitute property. Accordingly, we conclude that there was no reversible error in entering the forfeiture order.

Next, Whitaker argues that the district court erred in imposing sentencing enhancements for possessing a firearm and making a credible threat of violence. We review the district court's findings of fact for clear error and its legal conclusions de novo. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018). We conclude that the court did not err in applying a two-level enhancement under U.S. Sentencing Guidelines Manual

2

§ 2D1.1(b)(1) (2018), as statements from cooperating witnesses, as well as firearm and drug distribution paraphernalia recovered from a trailer Whitaker frequented, reflected that he possessed a firearm in connection with his offenses. *See United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017) (noting USSG § 2D1.1(b)(1) "should be applied if the weapon was present [during the offense], unless it is clearly improbable that the weapon was connected with the offense" (internal quotation marks omitted)). We similarly conclude that, based upon the cooperating witnesses' statements and Whitaker's criminal history, the court did not err in applying a two-level enhancement under USSG § 2D1.1(b)(2) for making a credible threat of violence. Although Whitaker argues that the cooperating witnesses were unreliable, the court was entitled to credit their statements. *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016). Furthermore, when credited, the witnesses' statements amply support the court's application of the sentencing enhancements.

Accordingly, we affirm Whitaker's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3